UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DARNELL ABNER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 2:25-cv-1900-CLM-GMB |
| JUDGE GLENN GOGGANS, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## **REPORT AND RECOMMENDATION**

Plaintiff Darnell Abner filed a *pro se* complaint under 42 U.S.C. § 1983 alleging violations of his rights under the Constitution or laws of the United States. Doc. 1. Abner's complaint names the following defendants: District Attorney Mandy Johnson, Judge Glenn Goggans, Probation Officer Keith Rodgers, and the Montgomery County Probate Building. Doc. 1 at 2–3. The complaint is before a Magistrate Judge for a preliminary report and recommendation. *See* 28 U.S.C. § 636(b)(1); *McCarthy v. Bronson*, 500 U.S. 136 (1991). For the reasons to follow, the Magistrate Judge recommends the transfer of this case to the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. § 1404(a).

Abner is currently detained at the Elmore County Jail in Wetumpka, Alabama. Doc. 1 at 2. Abner alleges that the defendants, all of whom are located in Wetumpka, violated his rights in his underlying state-court criminal proceeding. Doc. 1 at 2–4,

7–12.

A federal civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought . . . , any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a).

Abner's complaint does not establish that venue is proper in the Northern District of Alabama. All the defendants are located in Wetumpka, which sits in Elmore County within the jurisdiction of the United States District Court for the Middle District of Alabama. Moreover, the complaint alleges that the relevant actions occurred in Elmore County and Montgomery County, which also sit within the jurisdiction of the Middle District of Alabama. Doc. 1 at 4.

For these reasons, in the interest of justice and for the convenience of the parties, the Magistrate Judge RECOMMENDS that this action be TRANSFERRED to the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. § 1404(a).

## NOTICE OF RIGHT TO OBJECT

The plaintiff may file specific written objections to this report and recommendation. Any objections must be filed with the Clerk of Court within **14 days.** The plaintiff must identify every objectionable finding of fact or recommendation and state the specific basis for every objection. The plaintiff also must identify every claim in the complaint that the report and recommendation has not addressed. Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

A plaintiff who fails to object to factual or legal conclusions in the Magistrate Judge's report and recommendation waives the right to challenge on appeal those same conclusions adopted in the District Judge's order. Without a proper objection, however, the court on appeal may review the unobjected-to factual and legal conclusions for plain error if necessary in the interests of justice. 11th Cir. R. 3-1.

After receiving the plaintiff's objections, a District Judge will conduct a *de novo* review of the relevant portions of the report and recommendation and may accept, reject, or modify in whole or in part the Magistrate Judge's findings of fact and recommendations. The District Judge also may refer this action back to the Magistrate Judge with instructions for further proceedings.

The plaintiff may not appeal the Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh

Circuit. The plaintiff may appeal only from a final judgment entered by a District Judge.

    DONE and ORDERED on November 5, 2025.

                                      _____
                                      GRAY M. BORDEN
                                      UNITED STATES MAGISTRATE JUDGE

4